United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re: <br><br>    Lorraine Smalley-Small, <br><br>        Debtor. | Case No. 23-10945-pmm <br><br> Chapter 13 |

**Cibik Law, P.C.'s Motion to Reconsider
Order Denying Application for Compensation**

Dear Judge Mayer:

 I respectfully ask that you reconsider your recent order denying Cibik Law P.C.'s application for compensation in this case. From the time I began practicing law in October 2021 until July 2023, I always made sure to file "revest" fee applications timely. Between July 2023 and February 2024, personal circumstances made my ability to do my work complicated. To fulfill my professional obligations to my clients, I had to set priorities. Because my clients must come first, I made the decision that applications for compensation would be filed when I got around to them. I thought it was right to put my obligations to my clients above my firm getting paid if I could only do one or the other.

 During that time, I came to rely on the Court's grace; every judge in this Court granted late revest applications without question or admonishment. *In re Terrence Maurice Webster*, No. 23-11317-mdc (Bankr. E.D. Pa.) (fee application filed 127 days after dismissal); *In re Frantz Antoine*, No. 22-13407-amc (Bankr. E.D. Pa.) (fee application filed 78 days after dismissal); *In re Lawrence Anthony Powell*, No. 23-11552-mdc (Bankr. E.D. Pa.) (fee application filed 49 days after dismissal); *In re: Doreen M. Lustick*, No. 22-10515-mdc (Bankr. E.D. Pa.) (fee application filed 43 days after dismissal); *In re: Nathan T. Hess*, No. 22-12525-pmm (Bankr. E.D. Pa.) (fee application filed 20 days after dismissal).

 I understand that filing these applications late did cause inconvenience to the trustee and the Court, and I apologize for that. Now that personal circumstances have improved, I have made it a point to catch-up on all outstanding applications, and I do not intend to file late applications in the future.

This is a court of equity, which means it is a court of fairness. When someone says that, they do not usually have a good legal argument. This case is no exception. My only argument is that it is not necessary to deny the application to emphasize the importance of filing timely applications in the future. It will not happen again.

Filing the instant case required a substantial amount of work, including getting permission to file in the old case because the Debtor was barred from refiling. Given that, I would really like to get paid for it.

I appreciate the Court taking the time to read what I have written.

Sincerely,

Date: April 8, 2024

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com